## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                      CRIMINAL ACTION NO. 13-cr-201

PABLO CASELLAS-TORO,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant's Motion for Reconsideration of Court's Ruling Denying Judgment of Acquittal as a Matter of Law Under Fed. R. Crim. P. 29 as to Count 2 of the Indictment [Docket 140]. For the reasons discussed below, my prior denial of the defendant's oral Rule 29 motion on Count Two was manifestly erroneous and clearly unjust. I therefore **GRANT** the motion to reconsider [Docket 140] and **GRANT** the defendant's oral Rule 29 motion for judgment of acquittal on Count Two.

### I. Background

On April 20, 2013, a grand jury indicted the defendant, Pablo Casellas-Toro, with three counts of making false statements to a Special Deputy United States Marshal in violation of 18 U.S.C. § 1001(a)(2). (Indictment [Docket 3]). The alleged statements were made in connection with an investigation of a carjacking reported by the defendant. The matter was tried before a jury from April 28, 2014, to May 1, 2014. At the close of the government's case, the defendant moved for acquittal on all counts pursuant to Federal Rule of Criminal Procedure 29(a). Without the benefit of a trial transcript, I found that the government presented sufficient evidence in support of

Counts Two and Three, and I therefore denied the defendant's motion as to those counts. With respect to Count One, I reserved my ruling pursuant to Rule 29(b) in order to carefully study the record.

The jury returned guilty verdicts on all counts. (*See* Verdict Form [Docket 132]). On May 12, 2014, I granted the defendant's motion for judgment of acquittal on Count One. I found that the government had not presented evidence that the defendant had uttered the particular false statement charged in Count One—that the defendant said "he went to a shooting range for target practice." (Indictment [Docket 3], at 3). The defendant filed the instant motion on May 28, contending that the government similarly failed to present evidence that the defendant uttered the false statement charged in Count Two—that the defendant said "a person caused him to bring his motor vehicle to a stop." (*Id.* at 4). The defendant asks that I reconsider my decision denying his motion for judgment of acquittal on Count Two because, without evidence that the defendant made the statement charged in Count Two, my decision was manifestly erroneous and clearly unjust.

## II. Legal Standards

### A. Motions for Judgment of Acquittal under Rule 29

Under Federal Rule of Criminal Procedure 29, a defendant may move for judgment of acquittal at the close of the government's case or at the close of evidence. A trial court should not "disturb, on the ground of insufficient evidence, a jury verdict that is supported by a plausible rendition of the record." *United States v. Wilder*, 526 F.3d 1, 8 (1st Cir. 2008). When evaluating a Rule 29 motion, a court must review the evidence, direct and circumstantial, "in the light most favorable to the prosecution" and determine "whether this body of proof, as a whole, has sufficient bite to ground a reasoned conclusion that the government proved each of the elements of the charged crime beyond a reasonable doubt." *United States v. Lara*, 181 F.3d 183, 200 (1st Cir.

2

1999). Under this "prosecution-friendly standard," the court must resolve all evidentiary and credibility questions in favor of the government and must accept all "reasonable inferences from the evidence (whether or not inevitable) that support the government's view of the case." *Id.* The court may consider only evidence that was admissible at trial. *United States v. Aviles–Colon*, 536 F.3d 1, 13-14 (1st Cir. 2008). According to the "prevailing criterion for judging motions for acquittal[,]" if reasonable jurors would have a reasonable doubt as to guilt, "the judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration." *Curley v. United States*, 160 F.2d 229, 232-33 (D.C. Cir. 1947); *Jackson v. Virginia*, 443 U.S. 307, 319 n.10 (1979).

The burden is on the government to prove guilt beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364 (1970). "Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge." *United States v. Cleveland*, 106 F.3d 1056, 1061 (1st Cir. 1997) (affirming jury instructions on "reasonable doubt" standard). Although this is a heavy burden, "it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt." *Id.*

### B. Motions for Reconsideration

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009); *see also United States v. Cintron*, 724 F.3d 32, 36 (1st Cir. 2013) (same). "Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to

3

advance arguments that could and should have been presented to the district court prior to judgment.'" *Allen*, 573 F.3d at 53 (quoting *Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir. 2006)).

### III. Discussion

Before discussing the merits of the defendant's motion, I will address its timeliness. The defendant's initial motion for judgment of acquittal on Count Two, filed at the close of the government's case, was timely and proper. I denied that motion. The defendant has not renewed this motion, and the 14-day window for renewing such motions has expired. *See* Fed. R. Crim. P. 29(c)(1).

The defendant now asks the court to "reconsider" the denial of his Rule 29 motion. Despite the styling of the defendant's motion, it can be construed either as a motion to reconsider or as a renewed Rule 29 motion. Under either interpretation, the motion is timely and may be considered on its merits.

I first consider the timeliness of the defendant's motion if construed as a renewed Rule 29 motion. At one time, Rule 29 motions were absolutely barred if brought outside of the timeframe established under Rule 29(c). *See Carlisle v. United States*, 517 U.S. 416, 421 (1996) ("There is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal[.]"); *United States v. Emuegbunam*, 268 F.3d 377, 396 (6th Cir. 2001) ("For a district court to have jurisdiction over a motion made under Rule 29 or Rule 33, the movant must comply with the seven-day period of the Rules."); *United States v. Gaydos*, 108 F.3d 505, 512 (3d Cir. 1997). At least one federal appellate court following *Carlisle* held that the absolute bar on untimely Rule 29 motions also applied where a defendant moved to reconsider the court's denial of a timely Rule 29 motion. *See United States v. Gupta*, 363 F.3d 1169, 1176 (11th Cir.

4

2004) ("[M]otions to reconsider or renew Rule 29 or 33 motions are not permissible if they are filed outside the seven-day post-verdict period[.]").

However, *Carlisle* and its progeny were decided under a previous version of the Federal Rules of Criminal Procedure that expressly prohibited extensions of time for filing Rule 29 motions. At that time, Rule 45, which governs extensions of time limits, stated "the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them." Today, Rule 45 does not preclude courts from extending time to file Rule 29 motions. The current version of the rule states that "[t]he court may not extend the time to take any action *under Rule 35*, except as stated in that rule." Fed. R. Crim. P. 45(b)(2) (emphasis added).

Under Rule 45, the court may sua sponte extend the time for renewing Rule 29 motions if it finds "excusable neglect." *Id.* The government does not argue that the defendant's motion is effectively an untimely renewed Rule 29 motion. Therefore, any such objections are waived. *See Eberhart v. United States*, 546 U.S. 12, 19 (2005). But even if it did so object, I would find that the defendant's delay was "excusable neglect" under Rule 45(b) and extend the time for renewing Rule 29 motions. *See United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013) (finding that Rule 45(b) allows extension of time to file Rule 29 motions for excusable neglect). The defendant filed his motion as soon as the official transcript of the relevant testimony became available, and the motion ultimately has merit.

Alternatively, I can consider the defendant's motion as it is styled: a motion to reconsider. Several courts have suggested that reconsideration of a timely Rule 29 motion is appropriate where the motion meets the standards for reconsideration, such as "manifest error" or "clear injustice," and does not make entirely new arguments. *See, e.g.*, *United States v. Cartagena*, No. 10 CR

5

222-2, 2012 WL 2958175, at *3-4 (S.D.N.Y. July 20, 2012) (considering and denying motion to reconsider Rule 29 and 33 motions where defendant failed to show that the court overlooked controlling law or factual matters that were before it on underlying motions); *United States v. Iacaboni*, 667 F. Supp. 2d 215, 217 (D. Mass. 2009) (denying motion to reconsider Rule 29 motion where defendant made entirely new arguments and did not attempt to meet the standard for reconsideration in the First Circuit); *United States v. Patterson*, No. 04 CR 705-1, 2007 WL 1438658, at *12 (N.D. Ill. May 15, 2007) ("The court lacks the authority to entertain any argument in [motion to reconsider Rule 29 and 33 motions] that was not included in Defendant's prior timely post-trial filings."), *aff'd*, 397 F. App'x 209 (7th Cir. 2010). Here, the defendant argues that the government failed to present any evidence that the defendant uttered the statement charged in Count Two. The defendant contends that my earlier denial of his timely Rule 29 motion—which was based on this same argument—was "manifest error" and "clearly unjust." The instant motion thus clearly falls within the appropriate parameters of a motion to reconsider in the First Circuit.

Having determined that the defendant's motion, however construed, may be considered, I move to its merits. To establish a violation of 18 U.S.C. § 1001, the government had to prove beyond a reasonable doubt that the defendant made "(1) a statement that was (2) false, (3) material, (4) made knowingly and willfully, and (5) made in a matter within the jurisdiction of a federal agency." *United States v. Notarantonio*, 758 F.2d 777, 785 (1st Cir. 1985). Section 1001 encompasses two types of fraudulent statements—"concealment of a material fact, and false representation of a material fact." *United States v. Anzalone*, 766 F.2d 676, 682 (1st Cir. 1985). Because the government alleged that the defendant made a fraudulent misrepresentation, it had to prove that the defendant made a statement and that the statement was false. *Cf. United States v. St. Michael's Credit Union*, 880 F.2d 579, 590 (1st Cir. 1989) (finding that evidence of

6

misrepresentation alone would be sufficient if the government alleged the defendants had made a false statement, but instead the government alleged that the defendants had concealed material facts from the IRS).

In Count Two, the defendant is charged with falsely stating that "a person caused him to bring his motor vehicle to a stop." (Indictment [Docket 3], at 4). To establish that the defendant made this statement, the government elicited the testimony of Rafael Diaz-Berrios, a Puerto Rican Police Officer and Task Force Agent for the Federal Bureau of Investigations. Diaz was deputized as a Special Deputy United States Marshal and is the marshal identified in the indictment.

Diaz met with the defendant at the defendant's home when the alleged false statements were made. (*See* Trial Tr. 4/29/2014 [Docket 138], at 8-10). On direct examination by the government, Diaz never testified that the defendant told him that a person caused him to stop his vehicle.

> Mr. Gilfarb:   All right. So then what happened? So he says, I got to the shooting range at 9:30. What else does he tell you?
>
> Mr. Diaz:   Upon arriving then at the shooting range gate, he heard some shots. He looked through the rearview mirror. He sees the window broken, and sees two individuals that are following his van.
>
> And immediately another third individual appears towards his left side, the driver's side window, and tells him to move over to the passenger seat. He gives him his watch and his wallet. And the individual let[]s go of a shot, which impacted his left [sic] arm. Okay. The biceps on – his right arm. Corrected by the interpreter.
>
> He attempts to open – he attempts to open the right-hand side door. It doesn't open. So then he exits through the window, the glass of which was already broken. And then he gets out of the vehicle, and then goes into the shrubbery.

(Trial Tr. 4/29/2014 [Docket 138], at 14:12-15:3)

The government then again attempted to elicit the requisite testimony from Diaz.

| | |
|---|---|
| Mr. Gilfarb: | All right. And did he -- the person that pointed the gun at Pablo Casellas from the driver's side, what did he say that person did? What did he say that person did? Yes. |
| Mr. Diaz: | He took out a firearm, and told him to move over to the seat next to him, to the passenger seat. |
| Mr. Gilfarb: | So when he got into the passenger seat -- strike that. Let me ask it a different way. You mentioned that he said that once in the passenger seat, he was shot, and then jumped out of the broken passenger window; is that correct? |
| Mr. Diaz: | That's correct. |
| Mr. Gilfarb: | Okay. Did he at any time ever say that he had gone back inside the car after he jumped out of the window? |
| Mr. Diaz: | No. |

(*Id.* at 20:5-18).

It is clear that Diaz failed to testify that the defendant told him that a person caused him to bring his vehicle to a stop. Accordingly, the government wholly failed to prove this fact. Even so, the government believes that this fact can be fairly inferred from the record. The government contends that the defendant's car obviously was stopped when an individual approached the vehicle with a gun and forced the defendant to move to the passenger's seat. (*See* Gov't's Resp. to Def.'s Mot. for Recons. Re: Denial of Rule 29 on Count II of the Indictment [Docket 141], at 2). Whether or not the car was stopped during the alleged carjacking, and whether or not that fact can be inferred from the record, the government had to prove *that the defendant told Diaz* that a person caused him to stop his car. The first element of a violation of 18 U.S.C. § 1001 is that the defendant made a statement. *See United States v. Notarantonio*, 758 F.2d 777, 785 (1st Cir. 1985). The government must also prove that this statement was false. *See id.* Thus, whether the car was "obviously" stopped during the carjacking, as the government contends, is irrelevant to the

8

determination of whether the defendant actually told a federal agent that a person stopped his car. Without any evidence whatsoever that the defendant uttered the contents of Count Two to Diaz, his conviction cannot stand.

The government could have chosen to charge any number of false statements. In fact, the government focused much of its evidence on proving that the defendant had falsely reported certain firearms stolen. But the government did not charge statements related to stolen firearms. Instead, the government charged the defendant with falsely stating that "a person caused him to bring his motor vehicle to a stop." (Indictment [Docket 3], at 4). Therefore, the government had the burden to prove that this particular statement was made. The government failed to do that. In light of the government's failure to elicit any evidence establishing that the defendant uttered the statement in Count Two, I **FIND** that my prior denial of the defendant's Rule 29 motion was manifestly erroneous and clearly unjust. I therefore **GRANT** the motion to reconsider and **GRANT** the defendant's Rule 29 motion on Count Two.

### IV. Conclusion

For the reasons stated above, I now **GRANT** the motion to reconsider [Docket 140] and **GRANT** the defendant's oral Rule 29 motion for judgment of acquittal on Count Two.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        June 4, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE